# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LEONARD LUCAS,**                                                                                                          **PLAINTIFF**

v.                                                                                        Civil Action No.:3:09CV68-SAA

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**                                                             **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Leonard Lucas for period of disability (POD), disability insurance benefits (DIB) under §§ 216(I) and 223 of the Social Security Act, and supplemental security income under Title XVI. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case in accordance with the provisions of 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

Plaintiff applied for benefits on May 11, 2006, alleging that he became disabled on February 28, 2006, due to cramps, stiffness and "extreme pain" when attempting to perform his work as a skidder operator and a chain saw operator in the logging industry. (Tr. 33, 48, 113). The plaintiff's claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge [ALJ]. After the hearing, the ALJ issued an unfavorable decision on June 25, 2008, and plaintiff properly filed a request for review with the Appeals Council. (Tr. 6 - 18). On June 19, 2009, the Appeals Council denied plaintiff's request for review

1

and the plaintiff properly appealed to this court.

## FACTS

The plaintiff was born February 13, 1966. He has a tenth grade education and his past relevant work was in the logging industry. (Tr. 33, 48, 197-199). Plaintiff was forty years old at his alleged onset date. (Tr. 33, 118). The ALJ determined that the plaintiff suffered from "severe" impairments including degenerative disc disease, osteoarthritis and residual effects of left rotator cuff reparative surgery, but that these impairments did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. (Tr. 11 - 14, Finding Nos. 3 and 4).

The ALJ determined that the plaintiff retains the Residual Functional Capacity (RFC) to perform less than a full range of sedentary work as follows:

> lift/carry and push/pull 10 pounds occasionally and frequently. He can stand/walk two hours in an eight-hour workday, 20 minutes without interruption, and he can sit six hours in an eight-hour workday, 15 to 20 minutes without interruption. The claimant can never climb, crouch, kneel or crawl, but can occasionally balance and stoop. Further, he can never reach overhead with his left upper extremity. The claimant is limited to jobs which require no commercial driving, and he must avoid heights, hazardous moving machinery, and temperature extremes. In formulating this residual functional capacity, the undersigned relied upon Dr. Brian Torrey's Medical Source Statement (Exhibit 7F) and the claimant's subjective allegations, both of which support the above listed limitations.

(Tr. 15, Finding No. 5). Considering all necessary factors and the evidence in the record, the ALJ determined that the plaintiff's subjective complaints were not entirely credible. (Tr. 16). The ALJ looked at the plaintiff's age, education, work experience and RFC, used the Medical-Vocational Guidelines as a framework, in combination with the testimony of a vocational expert ("VE"), for his decision and determined that the plaintiff was capable of performing work that exists in significant numbers in the national economy. (Tr. 17 - 18). Consequently, the ALJ held that the plaintiff was not under a disability as defined by the Social Security Act. *Id.*

On appeal to this court, the plaintiff raises the following:

1. Whether ALJ erred in assessing plaintiff's RFC in light of the opinions of plaintiff's treating and consulting physicians, resulting in an improper reliance upon the testimony of the VE to find plaintiff not disabled at step 5.

2. Whether the ALJ erred in failing to find plaintiff disabled pursuant to the testimony of the VE.

Docket 10, p.1.

## STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1.[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[4] 20 C.F.R. §§ 404.1520, 416.920 (2003).

[5] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

demands of his past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## DISCUSSION

1. ALJ's determination of plaintiff's RFC

Plaintiff contends that the ALJ's RFC assessment is contrary to the opinions of Dr. Torrey, the consulting physician and Dr. Rosenfeld, plaintiff's treating pain management physician. The crux of plaintiff's argument is that the ALJ states in his decision that he "relied

---

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[8] *Muse*, 925 F.2d at 789.

upon Dr. Brian Torrey's Medical Source Statement and the claimant's subjective allegations, both of which support [the RFC]," yet he overlooked the portion of Dr. Torrey's form that states that plaintiff can only sit for two to three hours a day and only 15 to 20 minutes without interruption. (Tr. 15, 258-259). Likewise, plaintiff asserts that the ALJ afforded little weight to Dr. Rosenfeld's November 2007 MSS form which states that plaintiff was limited to standing/walking for less than 2 hours in an 8-hour day, sitting for about 4 hours in an 8-hour day and plaintiff would require a job that allowed him to change positions at will, is limited to crouching and stooping less than 5% of the day and can only lift 10 pounds frequently or occasionally.

It is the ALJ's task to evaluate the medical opinions in light of other information contained in the record. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The evaluation of a plaintiff's subjective symptoms is particularly within the ALJ's discretion as he has had an opportunity to observe the plaintiff. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). Although medical evidence alone is not the sole determining factor of the credibility of a plaintiff's subjective evidence, it is an important factor to consider, *Russell v. Sullivan*, 950 F.2d. 542, 545 (8th Cir. 1991), and, subjective complaints must be corroborated at least in part by objective evidence. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). The court has reviewed the record and the ALJ's decision and finds that his determination that plaintiff was less than credible is supported by substantial evidence. Nevertheless, the ALJ's finding that the plaintiff can sit for six hours in an 8-hour workday is not supported by substantial evidence, and therefore the case must be reversed and remanded for additional consideration.

In this case, Dr. Torrey based his limitations on the amount and frequency of weight

plaintiff could lift/carry on his findings that upon examination plaintiff had decreased range of motion and increased pain. (Tr. 258). He opined that plaintiff could sit for two to three hours for fifteen to twenty minutes at a time (Tr. 259), could occasionally climb, balance, and stoop but can never crouch, kneel or crawl, and that plaintiff did not have any limitations in any of the manipulative or environmental areas (Tr. 259 - 260). Overall Dr. Torrey's examination findings were generally normal. (Tr. 255 - 256) He found some decreased flexion in plaintiff's lumbar spine, decreased range of motion in his left hip, crepitus and pain in his left knee, straight leg raise in the supine position showed decreased range of motion and elicited some pain in the low back *Id.* Yet overall findings were within normal range, and the pain and decreased range of motion were clearly considered in his determinations on his RFC form.

Dr. Rosenfeld also completed a Medical Source Statement in November 2007. (Tr. 289 - 294). He determined that plaintiff had degenerative disc disease and lumbar radiculopathy. (Tr. 289). He found that plaintiff suffered from "stabbing, throbbing, sharp" pain which was an 8 out of 10 on a scale of 1 to 10, and this pain was present 75% of the time. *Id.* As did Dr. Torrey, he found a decreased range of motion in the lumbar spine, but unlike Dr. Torrey, he determined plaintiff suffers from muscle spasms, appropriate radicular distribution of significant motor loss with muscle weakness, impaired appetite or gastritis, impaired sleep, depression and anxiety. (290 - 291). Nevertheless, in the hearing, the plaintiff described his pain at an 8 or 9 on a scale of 1 to 10 only when it is "at its worst." (Tr. 46). He also stated that use of a TENS unit helps to ease his pain a little bit. (Tr. 45 - 46). Finally, Dr. Rosenfeld found that plaintiff was able to lift up to 20 pounds "rarely," sit for about four hours in an 8-hour workday and stand for less than two hours in an 8-hour workday. (Tr. 291 - 292).

6

Other medical evidence in the record indicates that Thomas J. McDonald, M.D. a neurosurgeon with North MS Neurosurgical Services, P.A. informed Dr. Charles Ozborn of the Eupora Family Medical Clinic on November 29, 2006 that plaintiff's pain needs were out of proportion with his complaints, and upon examination of the plaintiff Dr. McDonald found no neurosurgical problem and a normal MRI for plaintiff's age. (Tr. 269, 277). There is no indication that Dr. Rosenfeld was aware of this information at the time that he completed his assessment form. However, there is also no medical evidence in the record to support the ALJ's determination that plaintiff could sit for a total of six hours in an 8-hour workday. An ALJ may not "pick and choose" only that evidence which supports his decision, but must address and make specific findings regarding the supporting and conflicting evidence, the weight to give that evidence, and reasons for his conclusions regarding the evidence. *Rasche v. Astrue,* 2008 WL 4151346, *14 (N.D.Miss. 2008) (Civil Action No. 1:07 CV 081 A-A), *Armstrong v. Sullivan,* 814 F. Supp 1364, 1373 (W. D. Tex 1993); *Green v. Shalala,* 852 F.Supp. 558 (N.D. Tex. 1994), *See also DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir.1983). Nor may an ALJ establish physical limitations or the lack thereof without medical proof to support such a conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4, (N.D. Miss. 2008) *citing, Nguyn v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). That the ALJ reached the conclusion that plaintiff can sit for six hours in a work day is an error that cannot be resolved without additional consideration by an ALJ.

As the undersigned has determined that this matter should be remanded for further consideration regarding the plaintiff's first issue on appeal, the court need not address the merits of the plaintiff's remaining arguments at this time.

7

## CONCLUSION

In accordance with the reasons stated in this memorandum opinion, the undersigned concludes that the decision of the ALJ was not supported by substantial evidence and this matter should be remanded to the ALJ for further consideration consistent with this opinion. A Final Judgment will issue in accordance with this opinion.

THIS, this, the 10th day of June, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE